Dewey, J.
Scire-facias on a justice’s transcript for execution against real estate. The writ alleges that the plaintiff, on, &o., recovered a judgment against the defendant for, &c.', before John Benson, “an acting justice of the peace;” that an execution had issped upon the judgment, and been returned “no property;” that a transcript of these proceedings was certified by the justice, filed in the office of the clerk of the Wayne Circuit Court, and recorded in that Court. The defendant in the first instance filed two pleas, 1, That he had nor *465 at the time of filing the plea, nor at any time' after the writ issued, any real estate; 2, There was no such judgment as that named in the soire facias. The plaintiff demurred generally to both pleas. The demurrer. to the first plea was sustained, and that to the second overruled; whereupon the plaintiff' withdrew his demurrer to that plea, but did not reply to it. Several days later in the term the defendant filed a third, fourth and fifth plea. The third plea alleges that, at the time the execution mentioned in the scire facias issued, no judgment against the defendant in favour of the plaintiff had been rendered by justice Benson as was alleged in the scire facias. The fourth plea is, that there was no such judgment as that mentioned in the scire facias when the writ issued. The fifth plea avers that the judgment had been *materially altered after the issuing of the scire facias. The plaintiff replied to the three last pleas, that the justice’s transcript, as originally filed in the clerk’s office, contained the proceedings of the justice in a suit between the plaintiff and defendant in this cause, to the finding of a verdict for the plaintiff for the amount of the judgment named in the scire facias and for costs, including the issuing of an execution and the return thereof as set forth in the scire facias; that the plaintiff had, during the term at which the replication was filed, procured leave of the Court for the justice to amend his transcript, by inserting after the verdict a formal judgment corresponding with that mentioned in the scire facias; and that the justice had done so, and returned a complete transcript (which is set out), before the filing of the three last pleas. The defendant demurred generally to the replication. The Court overruled the demurrer, and rendered final' judgment for the plaintiff.
The demurrer to the first plea was correctly sustained. The j>lea of no real property in the defendant at any time previous to filing the plea, is no bar to the action, because one of the remedies intended to be given by the statute on which it is founded is, as we conceive, an execution against the real estate of the defendant acquired at a subsequent period.(1)
There was no error in overruling the demurrer to the repli *466 cation in regard to the fifth plea. That plea alleges in general terms, that a material alteration was made in the justice’s judgment after the issuing the scire facias. This is too vague; the alteration should .have been specified, that the Court might judge whether it was material or not.
We think the Court erred' in sustaining the replication in relation to the third and fourth pleas. Those pleas have reference to the justice’s judgment named in the scire facias, and deny its existence at certain periods. The replication relates to the transcript, and only avers that the justice, by leave of the Court, amended that by inserting after the statement of the verdict a formal judgment. The replication is, therefore, no answer to the pleas. It does not meet the denials contained in them. If there was no judgment at the time the execution mentioned in the scire facias issued, or *when the scire facias itself was sued out, the plaintiff can not maintain this action. If the plaintiff designed to aver in the replication that the judgment, as well as the transcript of it, was amended, he has not accomplished his object. We think it was competent for the justice, during the pendency of the scire facias, to amend his docket by entering, nunc pro twnc, a formal judgment on the verdict of the jury for damages and costs, which he had already treated as a judgment by issuing an execution upon it. Had the replication averred such an amendment, as well as that of the transcript, it would have been sufficient. Or, the justice having amended the entry on his docket, the replication might have been general, that there was such a judgment.
The Circuit Court also erred in rendering a judgment for the plaintiff over the second' plea, which is an absolute denial of the existence of the judgment alleged in the scire facias. This plea constitutes a good bar, and it stands unanswered.
It is contended that the scire facias is defective for not averring that the justice who certified the transcript was a justice of Wayne county. We do not think this objection can prevail. There is an allegation that he was an acting justice of tlm peace, and that the transcript of his proceedings was filed *467 in the Wayne Circuit Court. This we think is sufficient to raise the presumption that he was a justice of Wayne county.
J. S. Newman and M. M. Ray, for the plaintiff.
C. H. Test, for the defendant.
Per Curiam.—The judgment is reversed w'ith costs. Cause remanded, &c.

 But see R. S., 1843, p. 943, sect. 98.